# EXHIBIT A



This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

Case No. 2013-132432-CJ
Hon. JDG WARREN

**MARQUIS FLETCHER**

    Plaintiff,

v.

**BANK OF AMERICA, N.A.**
Successors in Interest or
Assigns

    Defendant.

*PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL*

_____/

**FPM LEGAL DEFENSE**
Renette Jackson (P69002)
Attorney for Plaintiff
400 Monroe St., Ste 410
Detroit, MI 48226
(313) 633-7860

_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, MARQUIS FLETCHER, by and through his attorney, RENETTE JACKSON and for his Complaint states as follows:

### JURISDICTION

1. Plaintiff is and has at all times relevant has been a resident of the County of Oakland, State of Michigan and the lawful owner of the parcel of real property commonly known as: 26631 Westmeath St., Farmington Hills, MI 48334 (hereinafter referred to as his "Home").

Received for Filing Oakland County Clerk 2013 FEB 22 PM 01:15

2. Defendant, Bank of America, N.A.[1], (hereinafter the "Bank") is and at all times relevant to this proceeding has conducted business in the County of Oakland, State of Michigan.

3. The amount in controversy exceeds $25,000.00.

4. Venue is proper in the County of Oakland.

## COMMON ALLEGATIONS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though the same have been fully set forth herein.

6. Plaintiff has lived in his Home for nearly four years.

7. On or about February 26, 2009, Plaintiff entered an agreement (hereinafter the "Loan Agreement") with Defendant to finance his Home.

8. The Loan Agreement required Plaintiff to make regular monthly payments to the Bank.

9. Plaintiff contacted the Bank to advise that he was facing financial hardship and would have trouble making his monthly mortgage payments. He had heard that the Bank was working with people who faced similar financial hardships so that they would not lose their homes.

10. The Bank advised Plaintiff that, in order to modify the Loan Agreement, he would have to stop making his regular monthly payments.

11. Plaintiff was not advised that by stopping his regular monthly payments, he would be putting himself in default under the Loan Agreement.

12. Despite the fact that Plaintiff was uneasy with the idea of not making his regularly scheduled payments, he acquiesced. He was led to believe that as long as he followed the Bank's directions, he would be helped.

---

[1] Its Predecessors and Successors in Interest and Assigns.

13. Plaintiff was mailed a loan modification package that required him to submit a substantial amount of paperwork.

14. Plaintiff submitted the required paperwork to Defendant as requested by the Bank. Sometimes the Bank would receive the documents that Plaintiff sent. More often, Plaintiff had to send the documents three or four times before it was received by Defendant.

15. Despite the fact that Plaintiff completed all of the steps required to obtain a loan modification, it was ultimately denied.

16. On or about August 28, 2012, Defendant held a Sheriff's sale alleging that Plaintiff was in default of his monthly obligations under the Loan Agreement.

## COUNT I – FRAUDULENT MISREPRESENTATION

17. Plaintiff incorporates by reference paragraphs 1 through 16 as though the same have been fully set forth herein.

18. The Bank made a representation to Plaintiff that he was eligible for a loan modification. This was a false representation.

19. Despite the fact that Plaintiff complied with the requirements set forth by the Bank to qualify for a loan modification, the modification was ultimately denied.

20. The Bank knew or should have known that Plaintiff did not qualify for a loan modification when he inquired about one. A layperson could have made this determination at the outset without making Plaintiff endure months of financial and emotional turmoil, thinking he would qualify for a modification.

21. The representation was made with the intention that Plaintiff would act on it.

3

22. Plaintiff did act on Defendant's representations, and as a result expended an unnecessary amount of time, money and effort to satisfy the Bank's demands, even though he would never qualify for a loan modification.

23. Based on Defendant's representation, and following the instructions of Defendant, Plaintiff put himself in default of the Loan Agreement.

24. Plaintiff has suffered damages as a result.

## COUNT II – ESTOPPEL

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though the same have been fully set forth herein.

26. Defendant, by its representations, admissions and silence, intentionally or negligently induced Plaintiff to believe that a loan modification was available.

27. As a result of Defendant's representations, admissions and silence, Plaintiff was induced to believe that he could save his home.

28. As a result of Plaintiff's justifiable belief that he had been thrown a life preserver, he expended a great deal of time, money and energy attempting to jump through the various hoops put in front of him by the Bank. Plaintiff has been damaged as a result of Defendant's actions.

29. Plaintiff followed the Bank's directions and stopped making his monthly mortgage payments, putting him in default of his Loan Agreement with Defendant.

30. Despite the fact that a good faith effort was made to comply with the demands of the Bank, a loan modification was never going to happen for Plaintiff. A simple look at his income and assets would have given the Bank all the information it needed.

Received for Filing Oakland County Clerk 2013 FEB 22 PM 01:15

31. Plaintiff would be prejudiced if Defendant is permitted to deny the existence of these facts.

### COUNT III – NEGLIGENCE

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though the same have been fully set forth herein.

33. Prior to the loan modification process, Defendant owed Plaintiff a duty to conduct a reasonable inquiry as to whether Plaintiff would be able to qualify for a loan modification.

34. Defendant breached its duty, by not simply looking at Plaintiff's information prior to enduring a long and painful modification process, and then telling Plaintiff that he would not qualify for a loan modification.

35. Defendant breached its duty by advising Plaintiff to stop making his monthly payments in order to obtain a loan modification.

36. Despite the fact that Defendant knew that Plaintiff would not qualify for a loan modification, the Bank strung Plaintiff along for several months causing him unnecessary emotional turmoil and financial expense. Plaintiff would have been better off attempting to make his payments as long as possible, than to put himself in default of his Loan Agreement with the Bank.

37. Plaintiff may very well lose his Home as a result of Defendant's breach.

### COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (STATE)

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though the same have been fully set forth herein.

5

39. Defendant is a debt collector.

40. The mortgage loan that is the subject of this action is a transaction primarily for personal, family or household purposes.

41. Defendant intentionally mailed to Plaintiff a statement specifying that unless the Plaintiff, within 30 days after receipt of the notice being mailed, disputes the validity of the debt, or a portion of the debt, the debt will be assumed to be valid.

42. Defendant mailed this notice to Plaintiff while Plaintiff was attempting to modify his loan.

43. Defendant mailed this statement while Plaintiff was attempting to modify his loan so that he would not dispute the validity of the debt.

44. Defendant has communicated with Plaintiff in a misleading and deceptive manner in an effort to move the foreclosure process along more quickly.

## COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (FEDERAL)

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though the same have been fully set forth herein.

46. Defendant is a debt collector.

47. The mortgage loan that is the subject of this action is a transaction primarily for personal, family or household purposes.

48. Defendant intentionally mailed to Plaintiff a statement specifying that unless the Plaintiff, within 30 days after receipt of the notice being mailed, disputes the validity of the debt, or a portion of the debt, the debt will be assumed to be valid.

49. Defendant mailed this notice to Plaintiff while he was attempting to modify his loan.

50. Defendant mailed this statement while Plaintiff was attempting to modify his loan so that he would not dispute the validity of the debt.

51. Defendant has communicated with Plaintiff in a misleading and deceptive manner in an effort to move the foreclosure process along more quickly.

## COUNT VI – VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

52. Plaintiff incorporates by reference paragraphs 1 through 51 as though the same have been fully set forth herein.

53. Defendant advertised a loan modification to Plaintiff with the intent, not to modify his loan, but as a public relations tactic.

54. Defendant advertised a loan modification to Plaintiff, as well as many of its other mortgage customers, with intent not to supply reasonably expected public demand. If Defendant modified loans as it advertised, share prices would plummet. The loan modification advertisements were a tool to improve Defendant's public image at a time where mistrust of financial institutions was at an all time high.

55. Defendant's advertisements regarding loan modifications to Plaintiff, as well as many other customers did not disclose that there was a limitation of quantity in immediate conjunction with the advertised loan modification.

56. Defendant caused a probability of confusion or of misunderstanding with respect to the authority of its salespersons and representatives, to negotiate the final terms of a loan modification.

57. Defendant caused a probability of confusion or of misunderstanding as to Plaintiff's legal rights, obligations, and remedies with regard to a loan modification. Plaintiff had no idea

7

that by attempting to modify his loan he would be putting himself in default of his Loan Agreement with Defendant.

58. Defendant represented or implied that a loan modification would be provided promptly, or within a reasonable time, even though Defendant knew or had reason to know it would not be so provided.

59. Defendant failed to reveal a material fact, the omission of which tended to mislead or deceive Plaintiff, and which fact could not be reasonably known by Plaintiff. Plaintiff had no idea that by following Defendant's directions in attempting to modify his loan, he would be defaulting on the Loan Agreement. Plaintiff trusted the Bank, and this is the reason he may very well lose his Home.

60. Defendant took advantage of Plaintiff's inability to understand the language of the loan modification presented by Defendant or reasonably should have known of Plaintiff's inability.

Received for Filing Oakland County Clerk 2013 FEB 22 PM 01:15

Received for Filing Oakland County Clerk 2013 FEB 22 PM 01:15

WHEREFORE, Plaintiff prays for a judgment as follows:

A. An order, setting aside the Sheriff's sale of the Home;

B. An order, staying any and all proceedings related to the Home until the matter before this Court has been resolved;

C. Granting a reformation/modification of the Note and Mortgage at the prevailing interest rates and property values in today's real estate market;

D. Awarding Plaintiff money damages incurred as a result of Defendant's actions, including treble damages;

E. Awarding Plaintiff the costs of bringing this lawsuit and attorney fees; and

F. Such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLAINTIFF, BY AND THROUGH HIS ATTORNEY, RENETTE JACKSON HEREBY REQUESTS A TRIAL BY JURY IN THE ABOVE-CAPTIONED MATTER

Respectfully submitted,

FPM LEGAL DEFENSE

By: /s/ Renette Jackson (P69002)
Attorney for Plaintiff
400 Monroe St., Ste. 410
Detroit, MI 48226
(313) 633-7860

Date: February 22, 2013

9